UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. SULLIVAN and MARY SULLIVAN, | * * * |
| Plaintiffs, | * * |
| v. | * * Civil Action No. 12-cv-11690-JLT |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., | * * * * |
| Defendant. | * |

MEMORANDUM

June 13, 2013

TAURO, J.

I.  Introduction

Plaintiffs Robert Sullivan ("Mr. Sullivan") and Mary Sullivan ("Mrs. Sullivan") bring this suit against Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") for negligence and loss of consortium. Mr. Sullivan claims that while vacationing in China, he fell over a hazardous object in the parking garage of a hotel operated and controlled by Starwood. Starwood moves for dismissal on two grounds: (1) *forum non conveniens*, and (2) failure to join indispensable parties. For the reasons set forth below, Starwood's Motion to Dismiss [#7] is DENIED.

II.  Factual Background[1]

Mr. and Mrs. Sullivan are residents of Byfield, Massachusetts. Starwood is a corporation organized under the laws of Maryland and registered to transact business in Massachusetts. Mr.

---

[1] The following facts are taken from the Complaint and the parties' filings.

and Mrs. Sullivan allege that Starwood owns, operates, and controls the Westin Beijing at Chaoyang Hotel ("Hotel") and its parking garage, located in Beijing, China.

In 2010, Mr. and Mrs. Sullivan traveled to Beijing, China. Mr. Sullivan claims that on October 12, 2010, he tripped and fell over a hazardous object in the Hotel's parking garage. Mr. Sullivan was with Mrs. Sullivan, Dennis DeCosta, and Daniel Tao at the time of the fall. After the fall, Mr. DeCosta and Mr. Tao drove Mr. Sullivan to the SOS Clinic in Beijing. The SOS Clinic then transferred Mr. Sullivan to the Beijing United Family Hospital, where he underwent surgery. Following his return to the United States, Mr. Sullivan received treatment at the Lahey Clinic in Burlington, Massachusetts. Mr. and Mrs. Sullivan now bring claims against Starwood for negligence and loss of consortium.

III.   Discussion

   A.   *Forum Non Conveniens*

Starwood moves for dismissal under the doctrine of *forum non conveniens*. Starwood argues that China is an adequate alternative forum and that convenience and judicial efficiency favor litigating this case in China.

"The decision to grant or deny a motion to dismiss for *forum non conveniens* is generally committed to the district court's discretion."[2] It is well established that a "plaintiff's choice of forum should rarely be disturbed."[3] As a result, Starwood "bears a 'heavy burden' in seeking to dismiss this case on *forum non conveniens* grounds."[4] To prevail, Starwood must show that "(1)

---

[2] Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981)).
[3] Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).
[4] Smith v. Chason, No. 96-10788-PBS, 1997 WL 298254, at *4 (D. Mass. Apr. 10, 1997) (quoting Kettenbach v. Demoulas, 822 F. Supp. 43, 44 (D. Mass. 1993)).

there is an adequate alternative forum, and (2) that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum."[5]

1. Adequate Alternative Forum

Courts generally deem alternative forums adequate "if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amendable to service of process there."[6] "The amount of information that the defendant must provide, in supporting affidavits or other evidence, depends on the facts of the individual case."[7] "Such affidavits or other evidence, however, must not contain substantial gaps."[8] And the defendant may not rely solely on representations in its memorandum.[9]

Starwood has not met its burden of demonstrating that China is an adequate forum to hear Plaintiffs' claims. Starwood merely provides a printout of a website purporting to be the Civil Code of China.[10] Based on this printout, Starwood argues that China is adequate because Chinese courts recognize negligence-type claims.

Starwood, however, has not offered an affidavit of a person familiar with Chinese law, or any proof whatsoever, to verify its reading of this website. Nor has Starwood offered any proof of (1) the availability of a comparable cause of action in China for Mrs. Sullivan's loss of consortium claim, (2) the accessibility of Chinese courts to American plaintiffs, or (3) whether the statute of limitations in China bars Plaintiffs' claims.

---

[5] Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423-24 (1st Cir. 1991) (internal citation omitted).
[6] Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000) (citing Piper Aircraft, 454 U.S. at 254 n.22).
[7] El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 677 (D.C. Cir. 1996).
[8] Smith, 1997 WL 298254, at *2 (citing Mercier, 935 F.2d at 425-26).
[9] Id. at *4.
[10] Def.'s Mem. Supp. Mot. Dismiss Ex. H, Ex. J ¶ 5 (Yannetti Aff.) [#8-8, #8-10].

Without more information, this court cannot determine whether China provides an adequate alternative forum for Plaintiffs' claims. Because Starwood has not met its burden to provide competent evidence, its motion is denied.[11]

### 2. Private and Public Interest Factors

Even if Starwood had demonstrated that China is an adequate forum, Starwood would still not be entitled to the relief it seeks because the balance of private and public interest factors favors retaining the case in Massachusetts.

#### i. Private Interest Factors

The relevant private interest factors include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; . . . all other practical problems that make trials of a case easy, expeditious and inexpensive [and] questions as to the enforceability of a judgment if one is obtained.[12]

Starwood has not demonstrated that the private interest factors strongly favor a Chinese forum. The majority of key witnesses appear to be located in Massachusetts. Plaintiffs have named several eyewitnesses who saw Mr. Sullivan's fall and who are located in Massachusetts. These witnesses include themselves, Dennis DeCosta, and Daniel Tao. Plaintiffs also claim that the physicians at the Lahey Clinic that provided long-term treatment for Mr. Sullivan's injuries are located in Massachusetts. In contrast, Starwood has not provided the names of any witnesses that it intends to call who are located in China.[13]

---

[11] See, e.g., Mercier, 935 F.2d at 424-27; GT Solar Inc. v. Goi, No. 08-249-JL, 2009 WL 3417587, at *13-14 (D.N.H. Oct. 16, 2009); Smith, 1997 WL 298254, at *4-5.
[12] Mercier, 935 F.2d at 424 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).
[13] Cf. Interface Partners Int'l Ltd. v. Hananel, 575 F.3d 97, 105 (1st Cir. 2009) ("Hananel has adequately identified the twenty-nine witnesses he intends to call in the proceedings below, and

Starwood argues that the doctors who initially treated Mr. Sullivan's injuries are located in China. Plaintiffs, however, have obtained certified and translated copies of Mr. Sullivan's Chinese medical records. Starwood further argues that a viewing of the garage is only possible in China. Yet, jury views are not always warranted and Starwood has not demonstrated that a jury view of the garage is necessary or appropriate in this case.

Finally, the court must consider the practical burdens imposed on the parties. Mr. Sullivan is a sixty-nine-year-old Massachusetts resident who claims to be permanently disabled on account of his fall. Starwood is a United States corporation that regularly litigates in United States courts. On balance, Plaintiffs face greater practical burdens to litigating in China than Starwood faces in this forum.[14]

### ii. Public Interest Factors

The relevant public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.[15]

Starwood has not demonstrated that the public interest factors strongly favor a Chinese forum. First, Starwood has not provided any data as to the congestion of Chinese courts. Without this information, the court is unable to compare the relative congestion of the forums.[16]

---

has indicated the relevance of at least ten Israeli witnesses.").

[14] See Carey v. Bayerische Hypo-Und Vereinsbank, 370 F.3d 234, 238 (2d Cir. 2004) ("For an individual of modest means, the obligation to litigate in a foreign country is likely to represent a considerably greater obstacle than for a large business organization . . . .").

[15] Mercier, 935 F.2d at 424 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

[16] See id. at 428-29 ("[T]he better practice is for the district court to make a comparative determination of where the case can most quickly be resolved, rather than simply rely on the state of its own docket." (citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984))).

Second, Starwood has not demonstrated that China has a greater interest in this dispute than the United States in general, or Massachusetts in particular. This is a dispute between two Massachusetts residents and a United States corporation. Massachusetts has a strong interest in providing relief to its residents. And, the United States has a strong interest in resolving disputes between its citizens.[17]

Third, neither party has briefed, and this court need not decide at this juncture, whether Chinese or Massachusetts law applies. Even if Chinese law applies, the application of foreign law is not dispositive[18] and does not overcome deference to Plaintiffs' chosen forum in this case.

Finally, it would not be unfair to impose jury duty on United States citizens and Massachusetts residents. The United States and Massachusetts have sufficient connections to this dispute as two United States citizens and Massachusetts residents claim injuries at the hands of a United States corporation.[19]

In sum, Starwood has not demonstrated (1) that China is an adequate forum for Plaintiffs' claims, and (2) that convenience and judicial efficiency strongly favor a Chinese forum. For these reasons, Starwood's motion to dismiss on the ground of *forum non conveniens* is denied.

B.   Failure to Join Indispensable Parties

Starwood also moves for dismissal under Rule 19 for failure to join indispensable parties. According to Starwood, China Beijing Jinmao Real Estate Co., Ltd. ("Beijing Jinmao"), Beijing Modern Asia-Pacific Real Estate Co., Ltd. ("Beijing Modern"), and Beijing Juntai Car Parking

---

[17] Id. at 430 ("[C]onducting the case in the United States would serve the substantial public interest of providing a convenient United States forum for an action in which all parties are United States citizens and residents.").

[18] Id. at 428.

[19] Id. at 430 ("Indeed, imposing jury duty in cases such as this differs little from imposing jury duty in the not unusual diversity case in which the operative facts transpire outside the federal district in which the case is tried . . . .").

Management Co., Ltd. ("Juntai Parking") (collectively, "absent parties") own, operate, or control the Hotel and garage. Starwood argues that the absent parties are indispensable because they are potential joint tortfeasors and indemnitors of Starwood. Starwood further argues that the absent parties cannot be joined because they are not subject to personal jurisdiction in Massachusetts.

Rule 19 involves a two-part analysis. First, the court must determine whether the absent parties are "required" under Rule 19(a).[20] Second, if so, the court must determine whether the absent parties are "indispensable" under Rule 19(b).[21] Rule 19 provides for dismissal if an absent party is "required" and "indispensable" but cannot be joined.[22]

1. "Required" Parties Under Rule 19(a)

Rule 19(a)(1) provides the following definition of a "required" party:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i) as a practical matter impair or impede the person's ability to protect the interest; or
        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Starwood has not demonstrated that the absent parties are "required" under Rule 19(a). First, this court can afford complete relief between the existing parties without the absent parties'

---

[20] United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001) (citing Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 n.2 (1st Cir. 1998)).
[21] Id.
[22] Bacardi Int'l Ltd. v. V. Suarez & Co., Inc., No. 12-1032, 2013 WL 1919578, at *5 (1st Cir. May 8, 2013).

presence under Rule 19(a)(1)(A). In particular, this court can order Starwood to pay Plaintiffs damages for their injuries if Starwood is found liable for negligence and loss of consortium.[23]

Second, Starwood has not demonstrated that the absent parties' interests will be impaired under Rule 19(a)(1)(B)(i). None of the absent parties have claimed an interest in this case. And, Starwood has not presented any arguments or evidence as to how the absent parties' interests will be impaired if this case is resolved in their absence.[24]

Third, Starwood has not demonstrated that disposing of this case without the absent parties will expose Starwood to a substantial risk of multiple or inconsistent obligations. The First Circuit distinguishes between inconsistent results and inconsistent obligations.[25] Even if Starwood is found liable to the Sullivans in this court but loses an indemnity or contribution claim against the absent parties in a Chinese court, Starwood may be subject to inconsistent results, but not inconsistent obligations.

Starwood's primary argument is that the absent parties are "required" under Rule 19(a) because they are potential joint tortfeasors and indemnitors. Yet, joint tortfeasors and indemnitors are generally not required parties.[26] Starwood has not demonstrated that a contrary

---

[23] In their briefs, the parties vigorously dispute whether Starwood exercised sufficient control over the garage to give rise to negligence liability. This dispute goes to the merits of Plaintiffs' claims and is therefore more appropriately resolved at summary judgment or trial. At this juncture, there is sufficient evidence on the record to support Plaintiffs' theory of liability. See Pls.' Opp'n Mot. Dismiss 14-16 [#13].

[24] See Colon v. Blades, 570 F. Supp. 2d 204, 209 (D.P.R. 2008) ("[D]ismissal for failure to join an indispensable party should only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence." (citation omitted)).

[25] See Bacardi, 2013 WL 1919578, at *8.

[26] See Fed. R. Civ. P. 19 advisory committee's note ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."); Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988) ("[A]

rule applies in this case. Starwood is free to file a separate suit for contribution or indemnity against the absent parties. Because Starwood has not demonstrated that the absent parties are "required" under Rule 19(a), Starwood's motion is denied.

### 2. "Indispensable" Parties Under Rule 19(b)

Even if Starwood had demonstrated that the absent parties are "required," Starwood has not demonstrated that the absent parties are "indispensable" under Rule 19(b).

Rule 19(b) provides that if a party is "required" but cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The court must consider four factors, including: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) "the extent to which any prejudice could be lessened or avoided . . . ;" (3) "whether a judgment rendered in the person's absence would be adequate;" and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."[27]

As to the first and second factors, the only prejudice that Starwood claims is the inconvenience of having to file a separate action for contribution or indemnity against the absent parties in China. The inconvenience of two suits is not sufficient to render the absent parties "indispensable" in this suit.

---

defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19."); Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880-81 (5th Cir. 1987); Rochester Methodist Hosp. v. Travelers Ins. Co., 728 F.2d 1006, 1016-17 (8th Cir. 1984); Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503 (7th Cir. 1980) ("[P]otential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible.").
[27] Fed. R. Civ. P. 19.

As to the third factor, this court can award Plaintiffs adequate relief without joinder of the absent parties, including damages if Starwood is found liable. As to the fourth factor, and as discussed in more detail above, Starwood has not established that Plaintiffs would have an adequate remedy in a Chinese forum if this action were dismissed. Weighing these factors, Starwood has not demonstrated that the absent parties are "indispensable" under Rule 19(b).

IV. Conclusion

For the above-stated reasons, Starwood's Motion to Dismiss [#7] is DENIED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge